# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **JAMES HARTMAN** and **WILSON ESHBACH**, as Trustees of the **LABORERS UNION LOCAL 1174 HEALTH AND WELFARE FUND**; **LABORERS' LOCAL NO. 1174 PENSION FUND**; and **LABORERS' LOCAL NO. 1174 ANNUITY FUND**, : Plaintiffs  v.  **R.A. TAUBER, INC.**,  Defendant | CIVIL ACTION NO. 1:10-CV-2278  (Judge Conner) |

## ORDER

AND NOW, this 7th day of January, 2011, upon consideration of plaintiffs' motion (Doc. 6) for default judgment, and upon further consideration of the affidavit attached thereto, and it appearing that the summons and complaint were served on defendant by process server on November 13, 2010, and that an amended complaint was served on defendant by mail on November 16, 2010, but that, as of the date of this order, defendant has not made any answer, see FED. R. CIV. P. 12 (stating that "[a] defendant must serve an answer . . . within 21 days after being served with the summons and complaint"), or other defense or appearance in the above-captioned case, and it further appearing that default was entered in the above-captioned case on December 8, 2010, and the court finding that entry of default judgment is appropriate, and that, based on the record, plaintiff has proven damages with sufficient certainty that no further inquiry is necessary, see FED. R. CIV. P. 55(b)(2)

(providing that "[t]he court may conduct hearings" as necessary to "determine the amount of damages"); see also Rhino Assocs. L.P. v. Berg Mfg. & Sales Corp., 531 F. Supp. 2d 652, 657 (M.D. Pa. 2007) (holding that a hearing was unnecessary when the evidence on fees and damages was not opposed and unambiguous), and the court noting that the requested judgment is within the scope of plaintiffs' complaint, see FED. R. CIV. P. 54(c) ("A default judgment must not differ in kind from, or exceed in amount, what is demanded in the pleadings."), (see also Doc. 3 at 4-5), it is hereby ORDERED that:

1. The motion (Doc. 6) is GRANTED.

2. The Clerk of Court is directed to enter JUDGMENT in favor of plaintiffs and against defendant, in the following amounts:

    a. $97,692.47 in damages; and

    b. $1,025.00 in attorney's fees; and

    c. $487.50 in costs.

3. The Clerk of Court is directed to CLOSE this case.

  S/ Christopher C. Conner
CHRISTOPHER C. CONNER
United States District Judge